## W. E. Haines, Plaintiff in Error, v. Wallace L. DeWolf, Defendant in Error

### Gen. No. 15,797.

CONTRACTS—*when question of what is reasonable time is one of law.* The facts being uncontroverted, it is for the court to determine as a matter of law whether the terms of an agreement are executed according to its terms in a reasonable time.

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

STEDMAN, SOELKE & SHUTAN, for plaintiff in error.

TENNEY, COFFEEN, HARDING & SHERMAN, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

For some time prior to April, 1903, litigation had been pending in the Superior Court of Cook county, wherein Frances DeWolf was complainant, and Warren Springer and others, were defendants, relative to the foreclosure of a ninety-nine year lease of certain real estate. A decree of sale had been entered June 22, 1900, whereunder the master had made two fruitless

efforts to sell the leasehold. Further progress in the proceedings was halted upon objections by Springer until April, 1903, when W. E. Haines, a former employe of Springer, was approached by Wallace L. De Wolf, acting for Frances DeWolf, with a view to securing his services in effecting a settlement of the litigation. The outcome of the negotiations between the parties was an agreement whereby Springer should consent to the entry of a decree against him in favor of Frances DeWolf for $12,500, and in satisfaction of which decree Springer should convey to her a lot on Canal street, clear of encumbrance, and pay her $2,500 in cash, in installments of $500 each, every fifteen days. The settlement was to be finally concluded within a reasonable time, and for his services in procuring and consummating such settlement Wallace DeWolf agreed to pay Haines $500. Presumably in pursuance of the terms of said settlement a decree was entered on April 13, 1903, in the Superior Court in favor of Frances DeWolf and against Springer for $12,876.13, from which decree Springer did not appeal. No reason is assigned by either party why the amount of the decree was in excess of the amount agreed upon.

On or about April 20th, following, Haines tendered to Wallace L. DeWolf a deed from Springer of the lot on Canal street together with $500, which tenders were refused by DeWolf, because the said lot was then encumbered by a mortgage for $4,000 or $5,000. Haines thereupon demanded the payment to him by DeWolf of $500 for his services in effecting a settlement of the litigation, with which demand DeWolf refused to comply. Nothing further was done by Haines in relation to the matter until April 1, 1904, when he tendered to DeWolf a deed from Springer of the lot on Canal street together with $2,500 in cash, which tenders were refused by DeWolf. At the time of the last tender the lot on Canal street had been cleared of all encum-

brances, save that of the decree entered April 13, 1903. Thereafter Haines brought suit against DeWolf in the Municipal Court to recover $500 claimed to be due him for his services in effecting a settlement of the litigation. Upon the trial of the case before a jury after the facts heretofore recited had been disclosed by the evidence offered by the plaintiff the court gave to the jury a peremptory instruction to return a verdict finding the issues for the defendant, and upon such verdict so returned, judgment was entered against the plaintiff and for costs.

This writ of error to reverse said judgment presents for our consideration and determination but one question, namely: whether or not, upon the facts stated, plaintiff in error was instrumental in executing the terms of settlement of the litigation between Frances DeWolf and Warren Springer, within a reasonable time after the agreement as to the terms of such settlement was entered into between the parties.

The facts being uncontroverted it was for the court to determine as a matter of law whether the terms of the agreement in question were excuted by plaintiff in error within a reasonable time. Loeb v. Stern, 198 Ill. 371.

It is certain that on April 20, 1903, when plaintiff in error tendered the deed and $500 to defendant in error, the former was not entitled to be paid for his services under the agreement, because the lot was not then clear of encumbrance. The agreement provided that the lot should be conveyed clear of encumbrance and that Springer should pay $2,500 in cash, in installments of $500 each every fifteen days. The terms of the agreement, considered in connection with its subject-matter, clearly evidence the intention of the parties that it should be speedily consummated—the lot conveyed clear of encumbrance, and the money paid within seventy-five days, or within a reasonable time thereafter. Plaintiff in error did nothing from April

20, 1903, until April 1, 1904, to effectuate the terms of the agreement, and the court did not err in concluding as a matter of law that the terms of the agreement were not executed within a reasonable time, and that plaintiff in error was not entitled to recover. The peremptory instruction was not improperly given to the jury, and the judgment will be affirmed.

*Judgment affirmed.*